UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>94 WILLOW POND DRIVE, ROCKLAND,<br>MASSACHUSETTS; ALL FUNDS ON DEPOSIT<br>IN SUN LIFE ASSURANCE COMPANY OF<br>CANADA (U.S.) ANNUITY CONTRACT<br>NUMBER KA 12801000; ALL FUNDS ON<br>DEPOSIT IN NEW YORK LIFE SELECT 5<br>DEFERRED FIXED ANNUITY, LPL FINANCIAL<br>ACCOUNT NUMBER 4968-1460, NEW YORK<br>LIFE SELECT 5 DEFERRED FIXED ANNUITY<br>CONTRACT NUMBER 53018229; ALL FUNDS<br>ON DEPOSIT IN E-TRADE FINANCIAL<br>ACCOUNT NUMBER 6317-2669; AND UP TO<br>$82,801 IN UNITED STATES CURRENCY ON<br>DEPOSIT IN ROCKLAND FEDERAL CREDIT<br>UNION ACCOUNT NUMBER 733138095,<br>    Defendants. | Civil Action No. 10-11352-RGS |

## ANSWER OF ANTONIOS SUCCAR
## TO VERIFIED COMPLAINT FOR FORFEITURE IN REM

Now comes Claimant Antonios Succar (the "Claimant") and, pursuant to 18 U.S.C. § 983 and Rule G(5)(b) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, hereby answers the numbered paragraphs of the Verified Complaint for Forfeiture in Rem as follows:

1. Claimant admits, as set forth in paragraph one (1), that this Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355 and that venue is appropriate pursuant to 28 U.S.C. § 1395.

2. Claimant admits that the personal and real property described in paragraph two (2)(a) through (e) are the defendants in the above-captioned case.

3. Claimant lacks the knowledge or information sufficient to form a belief as to the allegations contained in paragraph three (3) and therefore denies the same.

### DEFENSES

4. Claimant owns the following defendant properties:  (1) 94 Willow Pond Drive, Rockland, Massachusetts; (2) Sun Life Assurance Company of Canada Annuity Contract

Number KA 12801000; and (3) New York Life Select 5 Deferred Fixed Annuity, LPL Financial Account Number 4968-1460, New York Life Select 5 Deferred Fixed Annuity Contract Number 53018229.  Claimant was a bona fide purchaser of those properties for value, did not know and was reasonably without cause to believe that those properties were subject to forfeiture, and thus was an innocent owner of said properties pursuant to 18 U.S.C. § 983(d)(3)(A).

5.  The forfeiture is constitutionally excessive and violates the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

6.  The property was illegally seized from the Claimant in violation of constitutional guarantees.

WHEREFORE, the Claimant, Antonios Succar, prays that this Court will:

1.  Deny the relief sought by the Plaintiff, and dismiss Plaintiff's Verified Complaint for Forfeiture in Rem with prejudice;

2.  Enter judgment in favor of Claimant and order restitution and possession of the defendant property to the Claimant;

3.  Award the Claimant his costs and reasonable attorneys fees associated with defending this action; and

4.  Grant such other relief as the Court deems just and proper.

Respectfully submitted,
ANTONIOS SUCCAR

By his attorney,

By: /s/ Barry S. Pollack
Barry S. Pollack (BBO#642064)
Sullivan & Worcester LLP
One Post Office Square
Boston, MA  02109
(617) 338-2910

## CERTIFICATE OF SERVICE

I, Barry S. Pollack, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December  22, 2010.

/s/ Barry S. Pollack

{B1228587; 1}